UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                         Case Nos.:   3:01cr78/LAC/CJK
                                                        3:16cv300/LAC/CJK


HORACE VONCHE JORDAN,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Horace Vonche Jordan, by and through appointed counsel, has filed a "Corrected Motion to Correct Sentence under 28 U.S.C. § 2255." (ECF No. 240). The court stayed the case pending a decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (*See* ECF Nos. 245, 246, 248, 249). After the *Beckles* decision issued, the Government filed a response in opposition. (ECF No. 250). Defendant filed a reply. (ECF No. 257). After a review of the record, the undersigned has determined that the motion is untimely and should be dismissed.

## BACKGROUND and ANALYSIS

In August 2001, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine and five grams or more of cocaine base and two counts of possession with intent to distribute cocaine

in violation of 21 U.S.C. §§ 841 and 846.   (ECF No. 61).   The court determined that Defendant should be sentenced as a career offender under United States Sentencing Guideline § 4B1.1(a) after adopting the findings of the Presentence Investigation Report ("PSR") which included at least two prior felony convictions of a crime of violence or controlled substance offense, including a 1991 conviction for carrying a concealed weapon and attempted possession of a firearm during the commission of a felony and a 1991 conviction for attempted second degree murder and carrying a concealed firearm.   (*See* ECF No. 258, PSR ¶¶ 54, 59, 60).   The PSR calculated a Guideline range of 262 to 327 months' imprisonment based on a total offense level of 34 and a criminal history category of VI.   (ECF No. 258, PSR ¶ 83).   On December 20, 2001, the court sentenced Defendant to 262 months' imprisonment on each count to run concurrently, followed by a total of eight years of supervised release.   (ECF No. 111).   Defendant appealed, and on June 20, 2002, his convictions and sentences were affirmed.   (*See* ECF No. 163). Defendant did not file a petition for certiorari with the United States Supreme Court, and as such his judgment of conviction became final on the date on which his time for filing such a petition expired (*i.e.*, ninety days after the entry of the court of appeals judgment).   Thus, Defendant's judgment of conviction became final on

September 18, 2002.[1]    In order to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by September 18, 2003.    Therefore, Defendant's motion filed on June 24, 2016, is facially untimely.[2]

In his motion, Defendant argues that he is entitled to a sentence reduction because his attempted second degree murder conviction is his only remaining predicate "crime of violence" offense after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).    (ECF No. 240 at 4-6).    The Government argues that Defendant's motion is untimely and *Johnson* does not apply to his career offender sentence.    (ECF No. 250 at 3-5).    The court will address Defendant's

---

[1]  In 2008 and 2016, Defendant filed motions for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendments 706 and 782.   (ECF Nos. 187, 228).   The court denied both motions.   (ECF Nos. 188, 229).

[2]  Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Case Nos.: 3:01cr78/LAC/CJK; 3:16cv300/LAC/CJK

motion to the extent necessary to explain why *Johnson* does not make his motion timely.

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a "violent felony" under the ACCA includes an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another (known as the elements clause) or (ii) is burglary, arson, or extortion, involves the use of explosives (known as the enumerated offenses clause) or otherwise involves conduct that presents a serious potential risk of physical injury to another (known as the residual clause)." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Supreme Court has held that *Johnson* announced a new substantive

rule that applies retroactively to cases on collateral review.   *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Defendant argues the *Johnson* reasoning that invalidated the ACCA's residual clause on vagueness grounds should extend to and invalidate the residual clause of the advisory Guidelines' definition of a "crime of violence."   (ECF No. 240 at 5-6).   *See* U.S.S.G. § 4B1.2(a).   Defendant acknowledges Eleventh Circuit precedent in *United States v. Matchett*, 802 F.3d 1185, 1194-96 (11th Cir. 2015) (holding that the Sentencing Guidelines cannot be challenged as unconstitutionally vague), but disagrees with the reasoning of the decision.   The Government responds correctly that Defendant's argument is foreclosed by the Supreme Court's recent decision in *Beckles*, *supra*, in which the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range (*see* ECF No. 250 at 4 (citing *Beckles*, 137 S. Ct. at 892)).   The ACCA's residual clause, on the other hand, fixed in an impermissibly vague way a higher range of sentences for certain defendants which implicated "concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement."   *Beckles*, 137 S. Ct. at 894.

Case Nos.: 3:01cr78/LAC/CJK; 3:16cv300/LAC/CJK

In reply, Defendant argues that the Court in *Beckles* did not address whether *Johnson* applies to sentences, like his, imposed when the Guidelines were mandatory. (ECF No. 257 at 3-7). The Government argues that this court is bound by circuit precedent holding that the Guidelines, even when mandatory, cannot be unconstitutionally vague. *See In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016). (ECF No. 250 at 5). The *Griffin* panel explained:

> For the following reasons, the logic and principles established in *Matchett*, also govern our panel as to Griffin's guidelines sentence when the Guidelines were mandatory.
>
> The Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge. *Id*. at 1195. The limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. The Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. *Id*. at 1195–96. Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall.
>
> Indeed, a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines. The Constitution does not require sentencing guidelines in noncapital cases. *Id*. at 1194. Because there is no constitutional right to sentencing only under guidelines, the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. *Id*. at 1194–95. Before Congress enacted the Guidelines, the federal government had indeterminate sentencing. *Id*. at 1195. Even vague guidelines cabin discretion more than no guidelines at all.

*Griffin*, 823 F.3d at 1354-55. Defendant acknowledges *Griffin*, but disagrees that it is persuasive or controlling, particularly in light of *Beckle*s, decided after *Griffin*, which reaffirmed that the void for vagueness doctrine applies to "laws that *fix the permissible sentences* for criminal offenses." (ECF No. 257 at 11 (citing *Beckles*, 137 S. Ct. at 892 (emphasis in original)); *see also United States v. Booker*, 543 U.S. 220 (2005) (rendering the Sentencing Guidelines effectively advisory). Defendant points out that after *Booker*, "[t]he due process concerns that . . . require notice in a world of mandatory Guidelines no longer apply." (ECF No. 257 at 5-6 (citing *Beckles*, 137 S. Ct. at 894 (quotation marks and citation omitted)). Defendant argues that the court sentenced him at the minimum Guideline sentence which "strongly suggests" that the court would not have imposed a Guideline sentence if it had not been mandatory. (ECF No. 257 at 3). Defendant argues also that *Griffin* was decided in the context of an application for leave to file a second or successive § 2255 motion, which should not bind this court when considering an initial § 2255 motion. (*Id*. at 13-14). Finally, Defendant requests a certificate of appealability if relief is denied under *Griffin*.

This undersigned finds that *Griffin*, and the circuit court cases citing *Griffin*, are binding on this court. *See In re Anderson*, 829 F.3d 1290, 1292-94 (11th Cir.

2016) (noting that in light of the precedents in *Matchett* and *Griffin*, Anderson failed to make a prima facie showing that he is entitled to file a successive § 2255 motion); *In re Sams*, 830 F.3d 1234, 1240 (11th Cir. 2016) ("[O]ur precedent holds that *Welch* does not make *Johnson* retroactive for purposes of filing a successive § 2255 motion raising a *Johnson*-based challenge to the Sentencing Guidelines."); *see also In re Sapp*, 827 F.3d 1334, 1336 (11th Cir. 2016) (in which the panel disagreed with *Griffin*, but acknowledged that it was bound by its precedent in the context of mandatory Sentencing Guidelines).    Accordingly, Defendant's challenge to his career offender sentence enhancement as imposed under the then-mandatory Sentencing Guidelines must fail.

## CONCLUSION

Because Defendant's conviction became final years ago and *Johnson* does not apply to his career offender sentence, his motion is untimely under § 2255(f)(1) and should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the

specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A timely notice of appeal must still be filed, even if the court issues a certificate of

appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial

of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84

(2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is

also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final

order, the court may direct the parties to submit arguments on whether a certificate

should issue." If there is an objection to this recommendation by either party, that

party may bring this argument to the attention of the district judge in the objections

permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's Corrected Motion to Correct Sentence under 28 U.S.C.

§ 2255, ECF No. 240, be **DENIED** to the extent he seeks relief based on the

Supreme Court's decision in *Johnson* and otherwise **DISMISSED as untimely**.

2. A certificate of appealability be **DENIED**.

Case Nos.: 3:01cr78/LAC/CJK; 3:16cv300/LAC/CJK

At Pensacola, Florida, this 28th day of September, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> **A copy of objections shall be served upon all other parties.** **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:01cr78/LAC/CJK; 3:16cv300/LAC/CJK